```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
UNITED STATES OF AMERICA,                                          :    22-CR-318 (S-1) (ARR)
                                                                   :
    -versus-                                                       :
                                                                   :
JONATHON BRYANT, KENDELL GREYER and                                :    OPINION & ORDER
CHARLES THOMAS,                                                    :
                                                                   :
                        Defendants.                                :
                                                                   :
------------------------------------------------------------------ X
```

ROSS, United States District Judge:

Defendant Jonathon Bryant moves to dismiss Counts Four and Seven of the Superseding Indictment, ECF No. 38, which charge him with violations of 18 U.S.C. § 924(c), on the ground that Hobbs Act robbery is not categorically a crime of violence and cannot serve as a § 924(c) predicate. Defendant Kendell Greyer joins in the motion to dismiss Count Seven, charging Mr. Greyer with a violation of § 924(c). Defendant Charles Thomas moves to dismiss Counts Four, Eleven, and Fourteen of the Superseding Indictment, each of which is a § 924(c) charge, both for the reasons articulated by Mr. Bryant and because he contends that the underlying facts only support a charge of conspiracy to commit Hobbs Act robbery. For the reasons set forth below, the motions to dismiss are denied in their entirety.

## BACKGROUND[1]

After their arrest in connection with a June 30, 2022 robbery of a T-Mobile store, Mr. Bryant and Mr. Greyer were indicted for Hobbs Act robbery in violation of 18 U.S.C. § 1951(a)

---

[1] The following facts are drawn from the parties' motion papers. *See* Def. Bryant's Mot. to Dismiss ("Bryant Mot."), ECF No. 87; Gov't Opp'n to Mot. to Dismiss ("Opp'n"), ECF No. 92; Def. Thomas's Mot. to Dismiss ("Thomas Mot."), ECF No. 89; Def. Bryant's Reply in Supp. Mot. to Dismiss ("Bryant Reply"), ECF No. 98.

and with brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Further investigation suggested Mr. Bryant and Mr. Thomas had engaged in an attempted robbery of a T-Mobile store, followed by the completed robbery of a different T-Mobile store, both on June 16, 2022. Following Mr. Bryant's arrest for the June 30, 2022 robbery, Mr. Thomas allegedly robbed an AT&T store on August 26, 2022, and a jewelry store on August 31, 2022. Based on these investigative findings, a grand jury returned a Superseding Indictment charging Mr. Bryant and Mr. Thomas with: (1) attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery in relation to the attempted June 16 robbery and (2) Hobbs Act robbery and brandishing a firearm in furtherance of the completed June 16 robbery. Mr. Thomas was also charged with counts of Hobbs Act robbery and conspiracy to commit Hobbs Act robbery for the August 26 and August 31 robberies, and with brandishing a firearm in furtherance of both robberies. The Superseding Indictment charges Mr. Greyer with Hobbs Act robbery and conspiracy to commit Hobbs Act robbery in relation to the June 30, 2022 robbery, and with brandishing a firearm in furtherance of the June 30 robbery.

## DISCUSSION

### I.  Legal Standards

Section 924(c) imposes a mandatory minimum sentence of seven years for any person who brandishes a firearm in furtherance of a "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A)(ii). A "crime of violence" is defined as "an offense that is a felony and[] has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). To determine whether the predicate charge is a "crime of violence," I apply the "categorical approach," "[t]he only relevant question" for which "is whether the federal felony at issue *always* requires the government to prove . . . as an element of its case[] the use, attempted use, or threatened use of force." *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022)

(emphasis added). The categorical approach "precludes[] an inquiry into how any particular defendant may commit the crime," *id.*, rather, it requires me to "[l]ook at the elements of the underlying crime and ask whether they require the government to prove the use, attempted use, or threatened use of force," *id.* at 2025. The Court in *Taylor* found that attempted Hobbs Act robbery is not a crime of violence because the government is not categorically required to prove use, attempted use, or threatened use of force when a defendant is charged with mere attempt. *See id.* at 2020–21 (discussing how a hypothetical defendant could attempt Hobbs Act robbery without ever using, attempting to use, or threatening to use force).

The predicate offense for each § 924(c) count this case is *completed* Hobbs Act robbery. The Hobbs Act prohibits "obstruct[ing], delay[ing], or affect[ing] commerce . . . by robbery or extortion . . . ." 18 U.S.C. § 1951(a). "Robbery" is defined as "the unlawful taking or obtaining of personal property from [a] person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, . . . or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." *Id.* § 1951(b)(1). "Extortion" is "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." *Id.* § 1951(b)(2).

The Second Circuit has found that completed Hobbs Act robbery is categorically a crime of violence and upheld a defendant's conviction on § 924(c) charges predicated on a completed Hobbs Act robbery. *See United States v. Hill*, 890 F.3d 51, 56–60 (2d Cir. 2018). *Hill* rejected the defendant's arguments "that a perpetrator could successfully commit Hobbs Act robbery by putting a victim in fear of economic injury to an intangible asset without the use of physical force," *id.* at 57 n.9, an argument that defendants repeat here, *see* Bryant Mot. 6. *Hill* relied upon the

3

Supreme Court's reasoning in *Gonzales v. Duenas-Alvarez*, which found that the categorical approach to interpreting whether a state crime was a "theft offense" under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(G), required the offender to show "a realistic probability . . . that the [s]tate [criminalizing the offense] would apply its statute to conduct that falls outside the generic definition of a crime." 549 U.S. 183, 193 (2007). *Hill* concluded that the defendant "failed to show any realistic probability that a perpetrator could effect such a robbery in the manner he posits without employing or threatening physical force." 89 F.3d at 57 n.9.

Defendants argue that (1) the Supreme Court's decision in *Taylor* repudiated the Second Circuit's reliance upon *Duenas-Alvarez* in *Hill* and (2) completed Hobbs Act robbery can be committed by threatening a future harm to intangible property or by threatening to harm oneself, meaning that it is not categorically a crime of violence. *See* Bryant Mot. 3–7, 9–11. The government responds that *Taylor* does not abrogate *Hill*, that the Second Circuit has reaffirmed that Hobbs Act robbery is a crime of violence for § 924(c) after the decision in *Taylor*, and that defendants' interpretation of the relevant statute is inaccurate. Opp'n 5–6.

II. *Hill*'s Approach Remains Good Law and Precludes Dismissal of the § 924(c) Charges

Defendants concede that their theories that one could commit Hobbs Act robbery by "threatening to wage a defamatory online campaign against the victim's business" or by "rob[bing] his relative by threatening harm to himself," would fail if the realistic probability test applies. *See* Bryant Mot. 6 (agreeing that "[r]obbery isn't normally committed or usually prosecuted" based on defendants' "defamatory online campaign" hypothetical of Hobbs Act robbery (quotation omitted)); *id.* at 9 (acknowledging robbery by threatening to harm oneself is "doubtlessly rare"). Therefore, if *Taylor* leaves in place the applicability of the "realistic probability" test, defendants' motion to dismiss fails.

4

In *Taylor*, the Court rejected the government's reliance on *Duenas-Alvarez* for two reasons. First, because "the [INA] . . . required a federal court to make a judgment about the meaning of a state statute . . . it made sense to consult how a state court would interpret its own [s]tate's laws." 142 S. Ct. at 2025. Second, "the elements of the relevant state and federal offenses *clearly overlapped* and the only question the Court faced was whether state courts also 'applied the statute in a special (nongeneric) manner.'" *Id.* (emphasis added, other emphasis and alterations omitted) (quoting *Duenas-Alvarez*, 549 U.S. at 193). Because there "is no overlap" between the elements of attempted Hobbs Act robbery and § 924(c)(3)(A), "[t]hat ends the inquiry." *Id.*

The government argues that *Taylor* does not foreclose applying the realistic probability test here because "completed Hobbs Act robbery . . . has significant overlap with the elements clause" of § 924(c)(3)(A). Opp'n 11 (emphasis omitted). The government argues that the realistic probability test applies only where there is a need to do so, because if "a state statute 'on its face extends to conduct beyond the definition of the corresponding federal offense,'" the realistic probability test is "redundant and unnecessary." *Id.* (quoting *Hylton v. Sessions*, 897 F.3d 57, 63 (2d Cir. 2018)).

Although the Supreme Court in *Taylor* relied in part upon the realistic probability test's use in interpreting state statutes, it did not "clarif[y] that the 'realistic probability' test doesn't apply to the question whether a crime is a § 924(c) predicate," as defendants suggest. Bryant Mot. 5. Nor did it purport to limit the realistic probability test to the interpretation of state statutes. Rather, *Taylor* rejected use of the realistic probability test because there was "no overlap" between the elements of *attempted* Hobbs Act robbery and § 924(c)(3)(A). 142 S. Ct. at 2025. *Taylor* says nothing about the scenario where there is "overlap" between the elements of a federal crime and a § 924(c) charge. I conclude that *Taylor* does not implicitly overrule *Hill* on this point.

5

No court in this Circuit has agreed with defendants' position that *Taylor* overrules use of the realistic probability test in determining whether a particular crime is a "crime of violence" under § 924(c). On remand from *Taylor*, the Second Circuit in *United States v. McCoy* concluded that "*nothing* in *Taylor*'s language *or reasoning* . . . undermines this [c]ourt's settled understanding that completed Hobbs Act robberies are categorically crimes of violence." 58 F.4th 72, 74 (2d Cir. 2023) (per curiam) (emphasis added); *see also United States v. Waite*, No. 18-2651, 2023 WL 3730447, at *1 (2d Cir. May 31, 2023) (same) (summary order). At least one district court has explicitly rejected defendants' arguments that *Taylor* implicitly overruled *Hill*'s reliance on *Duenas-Alvarez*. *See United States v. Bernard*, No. 98-CR-500 (FB), 2023 WL 184443, at *2 (E.D.N.Y. Jan. 13, 2023) ("Even before *Taylor*, the Second Circuit recognized that the realistic probability test does not apply when the statute on its face extends to conduct beyond the definition of the corresponding federal defense." (quotation omitted)); *see also United States v. Amador-Rios*, No. 18-CR-398 (RPK), 2023 WL 2383273, at *4 (E.D.N.Y. Mar. 6, 2023) (holding that *Hill* remains good law without discussing the realistic probability test). Defendants identify only one court that has ever held that completed Hobbs Act robbery is not categorically a crime of violence and therefore is not a § 924(c) predicate. *See* Bryant Mot. 7–8 (citing *United States v. Louis*, No. 21-CR-2052 (S.D. Fla. Jan. 13, 2023), appended as Bryant Mot., Ex. A). In *Louis*, the court arrested judgment for the defendant's § 924(c) convictions pursuant to Rule 34 of the Federal Rules of Criminal Procedure because the underlying predicate of Hobbs Act robbery "was fundamentally overbroad as understood by *Taylor*" and therefore that there was "no offense" to be sentenced under § 924(c). Bryant Mot., Ex. A, at 7–9. With due respect to the *Louis* court, I am not bound to follow an out-of-Circuit district court decision, and I do not find the court's analysis

persuasive because it does not discuss *Duenas-Alvarez* or *Taylor*'s analysis of that case. *See generally id.*

There is considerable overlap between Hobbs Act robbery and § 924(c). Section 924(c)(3)(A) defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," while the Hobbs Act defines robbery as an "unlawful taking . . . by means of actual or threatened force, or violence, or fear of injury, immediate or future, to [a] person or property," 18 U.S.C. § 1951(b)(1). Under these circumstances, defendants must show "a realistic probability, not a theoretical possibility, that the statute at issue could be applied to conduct that does not constitute a crime of violence," meaning that defendant "must at least point to his own case or other cases in which the courts in fact did apply the statute in the manner for which he argues." *Hill*, 890 F.3d at 56 (quoting *Duenas-Alvarez*, 549 U.S. at 193) (internal quotation marks and alterations omitted). As defendants concede, they have not done so. Accordingly, I find that Hobbs Act robbery is categorically a crime of violence and decline to dismiss the § 924(c) counts.

### III. Defendants Fail to Show a Hypothetical Hobbs Act Robbery that Does Not Require Force

Defendants' arguments fail even without applying the "realistic probability" test. Defendants discuss a hypothetical in which the government charges a defendant with Hobbs Act robbery on the basis of the defendant's future economic threats. *See* Bryant Mot. 6 ("Hand over your restaurant's profits now or I'll flood the internet with claims your food made me sick."). Defendants contend that because § 1951(b)(1) allows prosecuting robbery "by instilling 'fear' of 'future' economic 'injury' to intangible 'property,'" a hypothetical Hobbs Act robbery prosecution

7

could arise that does not require the government to prove use of force, attempted use of force, or threatening force as an element.[2] *Id.* (quoting 18 U.S.C. § 1951(b)(1)).

Basic principles of statutory interpretation make clear that the term "fear" does not have the same meaning between the subdivisions defining Hobbs Act "robbery" and "extortion." Hobbs Act robbery limits the circumstances of criminal liability to scenarios where the defendant places another in "fear of injury," whereas Hobbs Act extortion occurs when the defendant more generally "obtain[s] . . . property from another . . . induced by . . . fear." *Compare* 18 U.S.C. § 1951(b)(1) *with id.* § 1951(b)(2). By its text, Hobbs Act robbery covers more limited circumstances—the victim must have "fear *of injury*." The other means by which one can commit Hobbs Act robbery all involve the use of force. *See id.* § 1951(b)(1) (robbery can be accomplished "by means of actual or threatened force, or violence," in addition to "fear of injury"). A basic canon of statutory construction is that "a word is known by the company it keeps." *Yates v. United States*, 574 U.S. 528, 543 (2015). The term "fear of injury" in § 1951(b)(1) is one of three "means" by which the statute is violated; the other two require "force" or "violence." This suggests that "fear of injury" must mean a fear of an injury derived from force. *See id.* at 544 (finding the term "tangible object" was limited by its inclusion "in a list of terms that begins 'any record or document'"). Numerous

---

[2] Defendants apply the expansive definition given to the term "property" in Hobbs Act extortion cases, which has been interpreted to encompass property rights such as the "right[] to solicit customers and to conduct a lawful business." *See id.* at 3 (quoting *United States v. Arena*, 180 F.3d 380, 392 (2d Cir. 1999)). While *Arena* and other cases cited by defendants refer to the "Hobbs Act," in each case the underlying claim involved Hobbs Act extortion. *See* 18 U.S.C. § 1951(b)(2). Defendants fail to cite any case adopting a similarly expansive definition of "property" with respect to Hobbs Act robbery. *See* Bryant Mot. 4 n.2 (acknowledging that "many of these cases relate to extortion" but arguing that "the words 'property' and 'fear' appear in the Hobbs Act's definitions of both robbery and extortion"). The government does not address this issue, so I will assume that the definition of "property" is the same when used in the definition of Hobbs Act robbery.

8

courts have agreed. *See, e.g.*, *United States v. Pena*,[3] 161 F. Supp. 3d 268, 279–81 (S.D.N.Y. 2016) (concluding that "fear of injury" means "fear of injury from the use of force"); *United States v. Pena*, 190 F. Supp. 3d 317, 321 (E.D.N.Y. 2016) ("The [c]ourt further finds meritless [d]efendant's arguments that an individual can commit Hobbs Act [r]obbery by creating fear of injury without the threat of force.").

In short, defendants' hypothetical would not be Hobbs Act robbery because it creates no fear of injury based on the threat of force, just fear based on economic coercion. The hypothetical does not show that Hobbs Act robbery can be committed without proof that the crime has "as an element . . . the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2020. Defendants have identified a separate crime—Hobbs Act extortion—and attempted to transform it into Hobbs Act robbery by conflating "fear of injury" with the broader term "fear."

Defendants' other hypothetical, in which the defendant "rob[s] his relative by threatening harm to himself," fares no better. *See* Bryant Mot. 9. In defendants' view, because Hobbs Act robbery can be committed by threatening harm to a victim's "relative or member of [the victim's] family," 18 U.S.C. § 1951(b)(1), but § 924(c) defines a crime of violence by requiring violence to "another," *id.* § 924(c)(3)(A), Hobbs Act robbery is more expansive than a "crime of violence" as

---

[3] Defendants contend that *Pena*'s interpretation is foreclosed by *United States v. Chappelle*, 41 F.4th 102 (2d Cir. 2022). *See* Bryant Reply 4 (quoting *Chappelle*, 41 F.4th at 109 ("The plain text of the Hobbs Act robbery definition makes clear that it will apply to force or threats against property, even in the absence of proximity between the person from whom the taking occurs and the threat to property." (quotation omitted)). But the Second Circuit in *Chappelle* analyzed Hobbs Act robbery under the "elements" clause of U.S. Sentencing Guideline § 4B1.2(a), which unequivocally defines a "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" and does not describe the use of force or threats against property at all. 41 F.4th at 109. *Chappelle*'s discussion of "proximity between" the person from whom property was obtained and the threat to property does not foreclose the interpretation that "fear of injury" requires that the injury be derived from force.

defined in § 924(c). Defendants' hypothetical again describes extortion, which differs from robbery because the perpetrator must obtain the "consent" of the victim. *See id.* § 1951(b)(2). As the Supreme Court has explained, the use of the term "consent" in the Hobbs Act "signifies the taking of property under circumstances falling short of robbery." *Ocasio v. United States*, 578 U.S. 282, 297 (2016). Defendants' hypothetical fits comfortably in the realm of extortionate acts described in *Ocasio*. *See id.* ("This language applies when . . . a store owner makes periodic protection payments to gang members out of fear that they will otherwise trash the store."); *id.* at 298 ("[I]magine that a health inspector demands a bribe from a restaurant owner . . . . If the owner reluctantly pays the bribe in order to keep the business open, the owner has 'consented' to the inspector's demand. . . . "). Defendants' hypothetical victim faces a "Hobson's choice"—but a choice—between watching their relative harm themselves or parting with some property, and "chooses what he perceives to be the lesser harm." *See United States v. Zhou*, 428 F.3d 361, 371 (2d Cir. 2005) (internal quotation marks and emphasis omitted); *see also id.* ("[T]he Hobbs Act definition of extortion simply prohibits the extortionist from forcing the victim to make such a choice."). The victim's turning over of property is grudging, but consensual, and that is the key difference between Hobbs Act robbery and Hobbs Act extortion. Defendants concede that extortion and robbery are not "exactly the same, or that every crime of extortion would also be a crime of robbery," but insist that "there is some overlap between the two crimes," such that "conduct constituting extortion may 'also satisfy the basic elements of Hobbs Act robbery.'" Bryant Reply 4 (quoting *United States v. O'Connor*, 874 F.3d 1147, 1153 (10th Cir. 2017)). Even assuming that is true, defendants' hypothetical does not present such a case.

Finally, the government has not conceded that Hobbs Act robbery is not categorically a crime of violence based on its conduct in other cases. *See* Bryant Mot. 10–11; Bryant Reply 8–9.

10

I have reviewed the records in *United States v. Barrett*, No. 21-1379 (2d Cir.), ECF No. 113, at 17, *United States v. Mobley*, No. 19-CR-221 (E.D.N.Y.), ECF No. 356, at 1, and in *United States v. Cheatham*, No. 21-CR-422 (E.D.N.Y.), ECF No. 41, and each acknowledges dismissal of § 924(c) charges predicated on the separate Hobbs Act "violence clause" in 18 U.S.C. § 1951(a), not those predicated on Hobbs Act robbery. *See* 18 U.S.C. § 1951(a) ("Whoever . . . commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be [punished]."). The filing in *Mobley* makes clear that the § 924(c) charge was dismissed only "insofar as it is predicated on the 'violence clause' of the Hobbs Act offense alleged" and did not dismiss the § 924(c) charge predicated on Hobbs Act robbery. *Mobley*, ECF No. 356 at 1. And the government's brief in *Barrett* makes clear that the government's position does not extend to Hobbs Act robbery. *Barrett*, ECF No. 113 at 17. ("That 'any person' [in 18 U.S.C. § 1951(a)] could in fact mean any person . . . does not suggest that the detailed list in the Hobbs Act's robbery provision also applies to any person.").

### IV.  Aiding and Abetting Hobbs Act Robbery Is a Crime of Violence

Mr. Thomas argues that "[i]t is indisputable that the evidence supports the fact that Mr. Thomas never entered [the] stores" he is alleged to have helped rob, and "never possessed or brandished a firearm during those robberies." Thomas Mot. 2. He therefore argues that the § 924(c) charges should be dismissed because "it was physically impossible" for him to use, attempt to use, or threaten to use physical force against another in the course of the crime.[4] *Id.* Mr. Thomas cites no law in support of his argument, and the underlying offense for which he is charged—Hobbs

---

[4] Mr. Thomas also argues that Count Two, which charges him with attempted Hobbs Act robbery, cannot be a predicate crime for his § 924(c) charge. While an accurate statement of the law, Mr. Thomas is not charged with a § 924(c) violation on the basis of Count Two. *See* Superseding Indictment ¶ 4 (identifying predicate as the completed Hobbs Act robbery alleged in Count Three); *id.* ¶ 11 (identifying predicate as the completed Hobbs Act robbery alleged in Count Ten); *id.* ¶ 14 (identifying predicate as the completed Hobbs Act robbery alleged in Count Thirteen).

11

Act robbery—is a crime of violence. *See supra*. While Mr. Thomas suggests that he is charged with Hobbs Act robbery under a "conspiracy" theory, Thomas Mot. 4, it is clear that he is charged directly, *see* Superseding Indictment ¶¶ 3, 10, 13; Opp'n 18 (discussing aiding and abetting theory). Even under an aiding and abetting theory, the government will be required to prove show the underlying Hobbs Act robbery was committed and that Mr. Thomas acted with the specific intent of aiding the commission of that crime. *See Rosemond v. United States*, 572 U.S. 65, 77 (2014) ("[F]or purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission."). Aiding and abetting is not a separate crime; it is merely another theory under which a defendant may be convicted of a substantive crime. *See* 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). "The crime charged in a prosecution for aiding and abetting a Hobbs Act robbery is thus Hobbs Act robbery." *United States v. McCoy*, 995 F.3d 32, 58 (2d Cir. 2021), *vacated on other grounds*, 142 S. Ct. 2863. Accordingly, the government's aiding and abetting theory of liability does not preclude a prosecution for Mr. Thomas's § 924(c) charges.

## CONCLUSION

In light of the foregoing, the defendants' motions to dismiss are denied.

SO ORDERED.

                                                             /s/

                                      Allyne R. Ross
                                      United States District Judge

Dated:        August 8, 2023
                Brooklyn, New York